**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Marcell Lamont Kennedy v. The State of Texas

Appellate case number:      01-15-01014-CR

Trial court case number:    1448210

Trial court:                337th District Court of Harris County

The complete record was filed in the above-referenced appeal on February 18, 2016, with the filing of the clerk's record and sealed clerk's record, and appellant's brief was set to be due within 30 days, or by March 21, 2016. On March 22, 2016, the Clerk of this Court granted the first extension request filed by appellant's counsel, Michael Edwards II, for thirty days until April 20, 2016.

On April 26, 2016, this Court granted the second extension request filed by appellant's appointed counsel for seventy-two days until July 1, 2016, but warned counsel that no further extensions will be granted. This Court's Order further notified counsel that if appellant's brief was not filed by July 1, 2016, this case would be abated for a late-brief hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2).

Because appellant did not timely file a brief by July 1, 2016, the Clerk of this Court sent a late brief notice on July 8, 2016, pursuant to Rule 38.8(b)(2). The Clerk's notice advised counsel that this appeal would be abated if appellant's brief was not timely filed within ten days of that notice, or by July 18, 2016. Appellant's counsel failed to timely file his appellant's brief.

Accordingly, we sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Michael Edwards II, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant

is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeals

(2) if appellant does wish to prosecute this appeal, determine whether counsel Michael Edwards II has abandoned this appeal;

(3) if counsel Michael Edwards II has not abandoned this appeal:
  a. inquire of counsel the reasons, if any, that he has failed to file a brief timely on appellant's behalf; and
  b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Michael Edwards II has abandoned this appeal, enter a written order relieving Michael Edwards II of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
  a. if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;
  b. if appellant is not indigent and wishes to proceed *pro se*, admonish appellant of the dangers and disadvantages of self-representation, and:
    i. determine whether appellant is knowingly and intelligently waiving his right to counsel, and
    ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice; and
    iii. if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or
    iv. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2015); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

If Michael Edwards II files an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, **no later than ten days from the date of this order**, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley

☑ Acting individually    ☐ Acting for the Court

Date: July 21, 2016

3